UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Michael C. Kee )
DC# 220-312 )
1901 D Street, S.E. )
Washington, DC  20003 ) No. 05-1014
 )
    Plaintiff, Judge Colleen Kollar-Kotelly

v.

American Correctional Association, et al.

    Defendants.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT, GLORIA FITZGERALD, P.A., TO DISMISS

    COMES NOW Defendant, Gloria Fitzgerald, P.A., misidentified in the Complaint as Dr. Fitzgerald, by and through counsel, Leo A. Roth, Jr., Esquire and Brault Graham,P.L.L.C., and in support of her Motion to Dismiss the Complaint as against her, Defendant states as follows:

    Plaintiff has filed a Complaint for Violation of Civil Right, pursuant to 42 U.S.C. § 1983, against several Defendants, including a "Dr. Fitzgerald".  There is no Dr. Fitzgerald who treated Plaintiff during his incarceration at the DC Detention Facility.  However, since a Return of Service for "Dr. Fitgerald" was mistakenly signed and entered as part of the docket sheet for this matter, this Motion to Dismiss is being filed on behalf of Gloria Fitzgerald, who is a physician's assistant working for the entity providing medical care to the prisoners at the DC Detention Facility.

### The Complaint Should be Dismissed Pursuant to
### Fed. Civ. R. 12(b)(6) and 42 USC § 1997e(c)

Plaintiff has failed to state a claim on the four corners of his Complaint for which he is entitled to relief. The Complaint does not indicate any allegations against any party, therefore there is no possibility that Plaintiff "can prove a set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson,* 355 US 41 (1957), regarding when a complaint should be dismissed. In *Frasier v. Gottfried,* 636 A.2d 430 (1994), the Court stated, at page 432, that:

> "The purpose of a Rule 12(b)(6) motion "is to test the
> formal sufficiency of a statement of the claim for relief; it
> is not a procedure for resolving a contest about the facts of
> merits of the case." [*citation omitted*]."

Further, under 42 U.S.C. 1997e(c), the Court has discretion to dismiss this action if it determines that the Complaint fails to state a claim upon which relief can be granted. Plaintiff's statement of claim is deficient, therefore, he is not entitled to any relief and his Complaint should be dismissed.

### Plaintiff Has Failed to Allege Any Facts to Support
### A Claim For A Violation of 42 U.S.C. 1983

Plaintiff has failed to allege any facts that the health care provided by Ms. Fitzgerald was such that it could be considered a deliberate indifference by her to the medical care needs of Plaintiff in her treatment of either a serious injury suffered by him or a serious illness suffered by him. Here, Plaintiff can not, nor has he alleged, such conduct necessary for the *prima facie* proof of an Eighth Amendment violation relating to his medical needs while a prisoner. In order to state a cognizable constitutional claim, a prisoner must prove acts or omissions sufficiently harmful to evidence deliberate indifference of the prisoner's medical needs. It is only when that

indifference occurs that "evolving standards of decency" rise to the level of an Eighth Amendment violation. *See, Estelle v. Gamble*, 97 S.Ct. 285, 429 U.S. 97, 50 L.Ed.2d 251 (1976).

### **Plaintiff Has Failed to Allege A Physical Injury**

Plaintiff has failed to meet the requirement of 42 U.S.C. § 1997e(e), which states that:

> "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotion injury suffered while in custody without a prior showing of physical injury."

Plaintiff has failed to meet his burden under this statute, because he has failed to allege any specific injury. Therefore, any claim must be barred.

WHEREFORE, for the reasons stated above, Plaintiff's Complaint against Gloria Fitzgerald, P.A., mistakenly identified as "Dr. Fitzgerald" must be dismissed as a matter of law. Defendant respectfully requests that this Court dismiss the Complaint, with prejudice.

Respectfully submitted,

BRAULT GRAHAM, P.L.L.C.

/s/
LEO A. ROTH, JR.  #11064
110 South Washington Street
Rockville, MD  20850
(301) 424-1060
Counsel for Defendant, Gloria Fitzgerald, P.A.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 2nd day of September, 2005, the foregoing **Memorandum of Points and Authorities in Support of Motion of Defendant, Gloria Fitzgerald, P.A., to Dismiss,** was forwarded to:

Michael C. Kee
DC 220-312
DC Detention Facility
1901 D. Street, SE
Washington, DC  20003-2534

                                     /s/
                             LEO A. ROTH, JR.