UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL KEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1014 (CKK) |
| ) | |
| AMERICAN CORRECTIONAL ) | |
| ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on a motion to dismiss filed on behalf of defendants Larry Corbett and Gregory Jackson, who are or were officials of the District of Columbia Department of Corrections. Defendants Corbett and Jackson argue that this action should be dismissed because plaintiff failed to effect service of process timely in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, relies on the Clerk of Court and the United States Marshals Service to effect service on his behalf. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Dismissal of his complaint for the United States Marshal's failure to effect service within 120 days after the filing of the complaint is improper. *Dumaguin v. Secretary of Health and Human Serv.*, 28 F.3d 1218, 1221 (D.C. Cir. 1994) (declining to dismiss complaint of *pro se* plaintiff proceeding *in forma pauperis* because United States Marshal failed to personally serve defendant), *cert. denied*, 516 U.S. 827 (1995); *Welch v. Folsom*, 925 F.2d 666, 670 (3d Cir. 1991) (concluding that district court erred by dismissing the complaint of *pro*

1

*se* plaintiff proceeding *in forma pauperis* on the ground that he failed to effect service); *see Mondy v. Secretary of the Army*, 845 F.2d 1051, 315 (D.C. Cir. 1988) (MacKinnon, J., concurring) ("An *in forma pauperis* plaintiff is powerless to serve process in his own action."). "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* . . . should not be penalized by having his [] action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform [his] duties." *Puett v. Blandford*, 895 F.2d 630, 635 (9th Cir. 1990). Defendants' motion to dismiss will be denied.

Having reviewed plaintiff's *pro se* complaint, it appears that plaintiff is bringing a civil rights action under 42 U.S.C. § 1983 against the District of Columbia for the District's alleged failure to provide him adequate medical care while he was incarcerated at the D.C. Jail. The Court construes the complaint as bringing these claims against defendants Corbett and Jackson in their official capacities only. A suit against municipal officials in their official capacities is treated as a suit against the municipality itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Atchison v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). Defendants Corbett and Jackson, in their individual capacities, will be dismissed.

Although plaintiff names the District of Columbia Department of Corrections as a defendant, it is not an entity with the power to sue or be sued. *See Ray v. District of Columbia*, 535 A.2d 868, 869 n.2 (D.C. 1987); *Roberson v. District of Columbia Bd. of Higher Educ.*, 359 A.2d 28, 31 n.4 (D.C. 1976). It is *non sui juris*, and, accordingly, will be dismissed. The Court, *sua sponte*, will substitute the District of Columbia for the District of Columbia Department of Corrections as the party defendant.

Plaintiff's complaint lists the American Correctional Association in the caption, but does

not allege any claim against it. For this reason, the American Correctional Association will be dismissed.

Accordingly, it is hereby

ORDERED that the motion to dismiss filed on behalf of defendants Larry Corbett and Gregory Jackson [Dkt. #10] is DENIED. It is further

ORDERED that the District of Columbia is substituted as the defendant to this action. The Clerk of Court shall issue summonses for service of the Complaint by the United States Marshal pursuant to 28 U.S.C. §1915(d) on the Mayor of the District of Columbia and the District of Columbia Attorney General. It is further

ORDERED that defendants Larry Corbett and Gregory Jackson in their individual capacities and the American Correctional Association are DISMISSED without prejudice as party defendants. It is further

ORDERED that the Clerk of Court shall mail a hard copy of this Order to plaintiff at his address of record.

SO ORDERED.

Date: June 14, 2006

COLLEEN KOLLAR KOTELLY
United States District Judge