**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Michael C. Kee,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil No. 05-1014 (CKK)** |
| **v.** ) | |
| ) | |
| **District of Columbia,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

Defendant, District of Columbia, by and through undersigned counsel, pursuant to F.R.C.P. 12(b)(6), hereby moves that this Honorable Court dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. A Memorandum of Points and Authorities is attached hereto. Because this is a dispositive motion, the defendant is not required to seek the plaintiff's consent pursuant to LCvR 7.1(m).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

1

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo [468306]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 19, 2006, a copy of the foregoing Motion to Dismiss, Memorandum of Supporting Points and Authorities and proposed order was mailed postage prepaid to:

Michael Calvin Kee, DCDC No. 220-312
D.C. Jail
1901 D Street, SE
Washington, DC 20003-2534

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo
Assistant Attorney General

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Michael C. Kee,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil No. 05-1014 (CKK)** |
| **v.** ) | |
| ) | |
| **District of Columbia,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
### DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

Defendant, District of Columbia (the "District"), by and through undersigned counsel, and pursuant to F.R.C.P. 12(b)(6), hereby moves that this Honorable Court dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted because the plaintiff has not alleged any District policy or custom that caused him injury and, therefore, he cannot recover in a suit against the District of Columbia pursuant to 42 U.S.C. § 1983.

### *BACKGROUND*

On April 20, 2005, the plaintiff filed a Complaint, naming multiple District defendants, including Greg Jackson, Larry Corbett, and the Director of the District of Columbia Department of Corrections. In his Complaint, the plaintiff alleged that he had hemorrhoids disease and he requested an appointment with the Hemorrhoid Relief Center. (Complaint at paragraph V.) The plaintiff did not file proof of service on any of the District defendants.

On April 25, 2006, the District filed a motion to dismiss Larry Corbett and Gregory Jackson as defendants for lack of proper service.[1] On June 14, 2006, the Court issued an Order

---

[1] It was only after undersigned counsel filed this Motion that she realized that the Clerk's office closed this case November 1, 2005.

3

and dismissed defendants Larry Corbett and Gregory Jackson in their individual capacities. The Court *sua sponte* substituted the District of Columbia for the Department of Corrections, leaving the District as the sole defendant.[2]

It appears from the Complaint that the plaintiff is suing the District for a civil rights violation, pursuant to 42 U.S.C. § 1983, for the District's alleged failure to provide him adequate medical care while he was incarcerated in the D.C. Jail. The Complaint, however, fails to articulate any District of Columbia policy or custom that could give rise to liability in this case, pursuant to 42 U.S.C. § 1983.

### *Standard of Review*

A motion to dismiss pursuant to SCR-Civil 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

---

[2] The Court also dismissed the remaining defendants.

Because the plaintiff has failed to state a claim upon which relief may be granted, his Complaint against the District should be dismissed in its entirety.

## *ARGUMENT*

1.  **PLAINTIFF'S CLAIMS AGAINST THE DISTRICT MUST BE DISMISSED BECAUSE HE HAS NOT ALLEGED ANY DISTRICT POLICY OR CUSTOM THAT CAUSED HIM INJURY.**

The plaintiff's claim of a constitutional violation should be dismissed for failure to allege an unconstitutional policy or custom. As explained in *Monell v. Dep't of Social Servs. of the City of New York*, the District can be held liable for the plaintiff's constitutional claims only if the plaintiff alleges facts that indicate his injury was caused by a policy or custom that a policymaker of the District approved. 436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). According to the Supreme Court decision in *Monell*:

> … a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City*, 471 U.S. at 824. The *Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed *when the municipality was not itself at fault*." *Id.* at 818 (emphasis added).

Here, even with all reasonable inferences taken in favor of the plaintiff, the allegations presented in the complaint fall far short of establishing a municipal policy or custom. In fact, the plaintiff does not even identify *any* custom or policy of the District of Columbia. Moreover, the plaintiff has not alleged that the injuries that he allegedly suffered as a result of the hemorrhoids

5

disease were caused by any District custom or policy. As such, the plaintiff cannot recover in a suit against the District pursuant to 42 U.S.C. § 1983.

Although there is no heightened pleading requirement, a § 1983 complaint must allege an established municipal policy or custom that caused the constitutional violation at issue. *Dorman v. District of Columbia*, 888 F.2d 159, 162 (D.C. Cir. 1989); *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987). A complaint that does not allege such a policy or custom fails to allege a necessary element of liability under § 1983, and that claim must be dismissed. *Dant*, 829 F.2d at 76.

In *Dant*, the plaintiff was unlawfully detained by the District of Columbia police for several hours. *Id.* at 71. In his complaint against the District, the plaintiff alleged that the District, by its "malicious prosecution and abuse of lawfully issued process," had "violated plaintiff's rights under the Fifth and Fourteenth Amendments … and 42 U.S.C. § 1983." *Id.* at 77. The Court held that the plaintiff's complaint was insufficient to support a claim against the District, writing:

> The complaint nowhere alleges, however, that Dant was subject to malicious prosecution and abuse of process *pursuant to an established WMATA policy or practice*. The complaint thus fails to allege a necessary element of a section 1983 violation, namely, that there be a deprivation of rights "under color of any statute, ordinance, regulation, custom, or usage of any State."

*Id.* (*citing Monell*, 346 U.S. at 691) (emphasis added).

Here, the plaintiff's complaint is similarly lacking. The plaintiff has not alleged facts from which the Court could conclude that the District had a custom or practice of denying medical care to prisoners. In fact, the complaint does not state that the District's treatment was in any way related to a policy or custom of the District. Nor has he alleged a pattern of events sufficient to satisfy the stringent requirements of *Monell.* As such, the complaint "fails to allege

6

a necessary element" of a § 1983 violation, and all § 1983 claims against the District must be dismissed.

WHEREFORE, Defendant the District of Columbia respectfully requests this Court dismiss the plaintiff's complaint with prejudice.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        */s/ Holly M. Johnson /s/*
        HOLLY M. JOHNSON [476331]
        Section Chief
        General Litigation Section III

        */s/ Dana K. DeLorenzo /s/*
        Dana K. DeLorenzo [468306]
        Assistant Attorney General
        441 4th Street, N.W.
        6th Floor South
        Washington, D.C. 20001
        (202) 724-6515
        (202) 727-3625 (fax)
        Dana.delorenzo@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Michael C. Kee,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil No. 05-1014 (CKK)** |
| **v.** ) | |
| ) | |
| **District of Columbia,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**ORDER GRANTING DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

After reviewing the District's Motion, any opposition thereto, and the facts and law considered, it is this \_\_\_\_ day of _____ 2006,

HEREBY ORDERED that the District's Motion is GRANTED; it is

FURTHER ORDERED that the plaintiff's Complaint against the District is DISMISSED WITH PREJUDICE.

_____
Judge Kollar-Kotelly
United States District Court

Copies to:

Dana K. DeLorenzo
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

Michael Calvin Kee, DCDC No. 220-312
D.C. Jail
1901 D Street, SE
Washington, DC 20003-2534